**UNITED STATES of America,**
**Plaintiff-Appellee,**

**South End Education Committee et al.,**
**Plaintiffs-Intervenors-Appellees,**

v.

**BOARD OF EDUCATION OF WATER-**
**BURY, CONNECTICUT, et al.,**
**Defendants-Appellants.**

**No. 237, Docket 77–6111.**

United States Court of Appeals,
Second Circuit.

Argued Aug. 31, 1977.

Decided Aug. 31, 1977.

Michael J. Daly, III, Waterbury, Conn. (Carl R. Cicchetti, Waterbury, Conn., of counsel), for appellant.

Leigh M. Manasevit, Atty., Dept. of Justice, Washington, D. C. (Drew S. Days III, Asst. Atty. Gen., Washington, D. C., Richard Blumenthal, U. S. Atty., D.Conn.,

Thomas M. Keeling, Atty., Dept. of Justice, Washington, D. C., of counsel), for appellee.

Kenneth Kimerling, Puerto Rican Legal Defense & Education Fund, Inc., New York City (Jorge Batista, Puerto Rican Legal Defense & Education Fund, Inc., New York City, Alice Bussiere, New Haven Legal Assistance Association, New Haven, Conn., Joseph F. Montwell, Waterbury Legal Aid and Reference Service, Waterbury, Conn., of counsel), for intervening plaintiffs-appellees.

Jonathan E. Silbert, New Haven, Conn. (Joseph D. Garrison, New Haven, Conn., of counsel), for intervening appellee Barnard School P.T.A., Inc.

Before LUMBARD, OAKES and MESKILL, Circuit Judges.

PER CURIAM:

This is an appeal from an order of the United States District Court for the District of Connecticut, Thomas F. Murphy, Judge, selecting Plan C of Amicus, now Appellee, Barnard School P.T.A., Inc., as a remedy for Waterbury, Connecticut's school segregation pursuant to a Consent Order. Amicus Plan C combines the feature of voluntary majority to minority transfer as between the Barnard and Maloney elementary schools with compulsory reassignment of the smaller "regular" student population of the Duggan School consisting of minority children to the Barnard School and of white children to the Maloney School, keeping Duggan open as a special education center.

■ On June 7, 1973, the school board agreed to a Consent Order to desegregate the Waterbury school system. Had the case gone to trial, the school board might have proved that the school system was not intentionally segregated. However, the posture of this litigation now prevents such an inquiry since the Consent Order operates as a litigated finding of unconstitutional

segregation.[1] See Washington v. Davis, 426 U.S. 229, 243, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976); Wright v. Council of the City of Emporia, 407 U.S. 451, 92 S.Ct. 2196, 33 L.Ed.2d 51 (1972). Thus, the requirement of a discriminatory intent, necessary to a finding of unconstitutional de jure segregation, is not a proper subject of inquiry on this appeal.

■ The only issue appropriate for appellate consideration is whether or not the district court abused its discretion in ordering the implementation of Amicus Plan C. The school board omitted to propose a desegregation plan in conformity with the Consent Order before May 11, 1977, the last possible time set by the Special Master for submission. Only on June 9, the day before the June 10 hearing to determine which plan would be adopted, did the school board submit Plan Z. Judge Murphy was then faced with the following situation: a voluntary plan had been tested and had failed; the time when a workable plan would have to be in place if the three schools in question were to be integrated for the coming school year was at hand; and Plan Z was submitted without supporting information to show that it would successfully desegregate the schools. In these circumstances and on its own merits, Amicus Plan C appears to have been the most sensible plan. It would effect desegregation without disproportionately burdening any racial group. And it would not require closing the best of the three facilities, Barnard, as the Buford Plan sought to do. Confronted with these facts, Judge Murphy can hardly be considered to have abused his discretion. Nor have the appellants in any way made out a case for modification under the standards of Pasadena City Board of Education v. Spangler, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976), since there is no showing of changed factual or legal circumstances.

Judgment affirmed.

1. The Consent Order supplies the constitutional basis for a systemwide desegregation plan. See Keyes v. School District No. 1, 413 U.S. 189, 93 S.Ct. 2686, 37 L.Ed.2d 548 (1973). The fact that only three of 35 schools and between 540 and 580 children were involved is irrelevant since the remedy may be coextensive with the violation. Milliken v. Bradley, 418 U.S. 717, 744, 94 S.Ct. 3112, 41 L.Ed.2d 1069 (1974).